## BURLEIGH & CO. *v.* MERRILL.

A declaration may be amended by inserting the amount of the plaintiffs' claim, when the sum was left blank originally, in all cases where the court has jurisdiction of the cause.

ASSUMPSIT against David Merrill, upon the general counts for money had and received, goods sold and delivered, bargained and sold, &c., alleging that the defendant, on, &c., at, &c., "being indebted to the plaintiff in the sum of ———— dollars, for so much money," &c., and for goods sold, &c.

The suit was brought before a justice of the peace, who, on motion of the plaintiff, allowed him to amend his declaration by inserting the word " nine" before the word dollars in his count, and also by adding to the general counts, one upon " a balance of account and interest on the same, hereto annexed," and annexing an account for goods sold and delivered, with various items of debt and credit, and leaving a balance due to the plaintiff.

The defendant appealed from the judgment of the justice, and now moves the court to dismiss the action, on the ground that the plaintiff's declaration was fatally defective, and was not amendable. And the question of law thus raised is reserved for the consideration of the whole court, with the agreement that if the amendment is held to have been properly allowed, judgment shall be rendered for the plaintiff for the sum of $————; otherwise, judgment for the defendant.

*Shirley* for plaintiff.

*Flanders* for defendant.

SARGENT, J. In this case, the *ad damnum* was stated in the declaration, and shows affirmatively that the magistrate had jurisdiction of the cause. *The Earl of Derby* v. *The Duke of Athol*, 1 Vesey 202 ; *Peacock* v. *Bell*, 1 Saunders 73 ; *Rix* v. *Liverpool*, 4 Burr. 2244 ;

*The King* v. *Bagshaw,* 7 T. R. 363 ; *Hoit* v. *Molony,* 2 N. H. 322 ; *Wood* v. *Hill,* 5 N. H. 229.    The court, having such jurisdiction, could allow any amendment, either formal or substantial, which did not change the cause of action, or the form of action, which this amendment clearly does not do.

The person and the case may here be easily understood by the court from what there was originally contained in the declaration, to wit, that the plaintiff sought to recover something of the defendant upon the counts in this declaration, and that this sum thus sought to be recovered, was less than $13.33, and the statement of the particular sum can hardly be considered as of the substance of the declaration, since it does not require to be proved as alleged, and the statement of the sum is entirely immaterial since all that is claimed must be within the limits of $13.33.    But even if it were a matter of substance, that would be no reason why it should not be amended under the provision of our statute, where there is clearly enough stated to give the court jurisdiction, and where the cause can be clearly understood by the court, and where there is sufficient to amend by, and where neither the form nor the cause of action are changed by the amendment.

In such case the particular allegations of the declaration may be changed and others superadded in order to cure imperfections and mistakes in the manner of stating the plaintiffs' case, and an amendment which changes the date of the contract, or the sum to be paid or any particular of the matter to be performed, though in one sense it may change the form of the action, yet does not do so in the sense in which the rule is applied.    But such amendments may be made.    *Stevenson* v. *Mudgett,* 10 N. H. 340 ; *Merrill* v. *Russell,* 12 N. H. 75 ; *Taylor* v. *Dustin,* 43 N. H. 493 ; *Bailey* v. *Smith,* 43 N. H. 409 ; *Rider* v. *Robbins,* 13 Mass. 283.

The amendment was properly allowed

*And there must be judgment for the plaintiff.*